CLARK, HOOD & CO. v. ERWIN.

ELECTION OF REMEDIES.    *Judgment.    Lien for purchase money.*    Code 1892, § 2720.

    One who has recovered an ordinary judgment based on several demands against the debtor, cannot afterwards proceed against him on one of them, under § 2720, code 1892, to subject certain personal property to the payment of the purchase money thereof.

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

As stated in the opinion, the former suit alluded to therein was begun by attachment, which was afterwards discharged, and an ordinary personal judgment was entered against the defendant. When that suit was instituted, the note under which the mule in controversy in this suit was seized was not due, but it became due before judgment, and was embraced therein. The mule was levied upon under the attachment, and

was claimed by the defendant as exempt. After dismissal of the attachment and the rendition of judgment against the defendant in the former suit, the writ of seizure was sued out under which the mule was taken in this case, with a view to enforcing a lien for the purchase money represented by the note, under § 2720, code 1892. The opinion contains such further statement of the case as is necessary to an understanding of the question decided.

*J. A. Blair* and *Brame & Alexander*, for appellants.

Appellants had the right to sue out the attachment before the note involved here was due. In the emergency, this was their only remedy. They could not then proceed under § 2720, code 1892, to enforce the lien for the purchase money of the mule, and they did not attempt to do this until after the note became due.

This is in its nature an equitable proceeding. It is not similar to the first suit. Nor can one of the suits be pleaded in bar of the other. The purpose of this action is the enforcement of the lien. See *Scales* v. *Anderson*, 26 Miss., 94. A suit *in personam* and *in rem* may be brought for the same cause of action. 40 Miss., 70. The general rule preventing two suits for the same cause only applies where the demands are equally personal. 40 Miss., 499.

In the application of the principle of *res judicata* there is no difference between courts of law and equity. 2 Black on Judgments, § 518. To be a bar, the former judgment must be an adjudication of the merits of the last action. *Ib.*, §§ 507, 618. As to what constitutes the matter in issue, see *Ib.*, § 614; *Sherman* v. *Dilley*, 3 Nev., 21. The right here could not have been adjudicated in the former suit. 2 Black on Judgments, §§ 731, 732, 745. Judgments *in rem* and *in personam* are radically different. One cannot be pleaded in bar of the other. *Ib.*, § 745. There is no danger that defendant may be compelled to pay twice. The judgment in

this case could be so framed as to enforce only the lien. Code 1892, § 751; *Railway Co.* v. *Fulton*, 71 Miss., 385.

*Finley & Long*, for appellee.

Appellants having previously obtained a judgment on the note and account, could not sue out a writ of seizure and obtain another judgment for the amount of the note. Section 2720, code 1892, does not give a lien, but merely enables the seller to seize property for the purchase money. The statute must be complied with in the first instance. It requires the affidavit to be made at the commencement of suit. It is too late to do this after obtaining an ordinary personal judgment. The decisions sustaining the right to sue at law on the debt, and at the same time proceed in equity to enforce a lien, have reference to land only. There is no vendor's lien for personal property.

WOODS, J., delivered the opinion of the court.

The appellants elected, when about to begin suit on the note given by appellee for the purchase price of the mule, not to proceed under § 2720, code 1892, and did not file with their declaration, or evidence of debt, an affidavit designating the property sought to be subjected, and averring therein the liability of the property, in whole or in part, for the debt sued on. On the contrary, the note was sued upon, jointly, with other evidence of appellee's indebtedness to appellants, in an ordinary action by attachment. On trial of that suit, the attachment was dismissed by appellants, and a personal judgment for the sum demanded entered. By this action the note, now sought again to be recovered upon in the present action, was merged in the judgment taken, as before narrated. The appellants cannot now dismember their judgment, sue upon a part of its foundation, and show the consideration upon which that part rested originally, and recover another personal judgment against their debtor, and this is what they are endeavoring to do. The judg-

ment sought in the present case is a personal judgment; the attempt to fix a lien upon the mule is a mere incident to such personal judgment.

*Affirmed.*